UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY RECINOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HEALTH INSURANCE COMMISSIONER OF WASHINGTON STATE, ET AL.,<br><br>　　　　　Defendants. | CASE NO. 3:23-cv-05612-JHC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

# I

### INTRODUCTION

This matter comes before the Court *sua sponte* on Plaintiff Tiffany Recinos's Amended Complaint. Dkt. # 8. Because Plaintiff is proceeding *in forma pauperis* ("IFP") (Dkt. # 5), the Court reviews the complaint under 28 U.S.C. § 1915(e). The Court dismisses the complaint without prejudice and grants Plaintiff leave to amend the complaint. If Plaintiff wishes to amend the complaint, she must do so within 21 days of this order.

II

DISCUSSION

A.   Subject Matter Jurisdiction

In all cases, the Court must ensure that it has subject matter jurisdiction over the action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

The complaint does not appear to allege facts or state claims conferring subject matter jurisdiction on this Court.

First, there is no diversity jurisdiction. Plaintiff and Defendants are citizens of Washington, so there is no diversity of citizenship between the parties. An earlier version of the complaint conceded that Defendants are citizens of Washington. Dkt. # 6 at 4. That Defendants "may also practice in other states" does not alter their citizenship. *Id.*

Second, there is no federal question jurisdiction. The complaint asserts causes of action based on only Washington state law. *See generally* Dkt. # 8. The complaint does not assert any causes of action arising out of federal law. A prior version of the complaint[1] vaguely referenced the rights of the "ninth amendment" and that the concealment of documents violates Plaintiff's right to "the enjoyment of life, liberty . . . and pursuing and obtaining happiness and safety."

---

[1] The Court notes that "the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). While the Court was willing to look at a prior version of the complaint to better understand a pro se plaintiff's position, the Court will not do so in the future. Plaintiff must include all material that she wishes to plead within any future amended complaint and may not rely on previous filings.

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 2

Dkt. # 6 at 4. But this does not state a federal question. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."). Even if Plaintiff had asserted her claims under Section 1983 (for claims against state officials) or *Bivens* (for claims against federal officials), Plaintiff has identified no facts or law that support her assertion that a constitutional right has been violated.

Because there is no subject matter jurisdiction over this case, the Court must dismiss the complaint.

B.    Dismissal Under 28 U.S.C. § 1915(e)

Because the Court does not have subject matter jurisdiction based on the operative complaint, it need not (and does not) reach the merits of Plaintiff's claims. But the Court notes that it is required under 28 U.S.C. § 1915(e) to screen IFP complaints to determine whether they state a claim for relief. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but *requires* a district court to dismiss an in forma pauperis complaint that fails to state a claim." (emphasis added)); 28 U.S.C. § 1915(e)(2)(B)(ii). A court evaluating an IFP complaint applies the same standard as it would when evaluating a Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court need not accept as true a legal conclusion presented as a factual allegation. *Id.*

The operative complaint is sparse and may be subject to dismissal in the future for failure to state a claim. If Plaintiff elects to amend her complaint, the amended complaint should clearly articulate the legal causes of action that she is asserting, should contain sufficient facts showing that she is entitled to relief, and should clearly state the relief that she is seeking.

## III

### CONCLUSION

The Court DISMISSES the amended complaint (Dkt. # 8), but grants Plaintiff leave to amend her complaint. If Plaintiff wishes to amend the complaint, she must do so within 21 days of the date of this order.

The Court STRIKES the motions filed at Dkt. ## 9–19, 23–24, 26–27. To the extent that the Court can discern the purpose of each motion, none is procedurally proper. Most of these motions (e.g., the "Motion Seeking Order Awarding Full Back Pay" and the "Motion to Enforce Reinstated SSA Disability Payments") are requests for relief, and should be incorporated into any amended complaint. Several other motions make little sense to the Court. *See, e.g.*, Dkt. # 24, 29. And most of Plaintiff's motions are improper before a Defendant has been served and appears in the case. Motions of this kind will generally be stricken.

Dated this 7th day of August, 2023.

John H. Chun
United States District Judge