UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY RECINOS, <br><br> Plaintiff, <br><br> v. <br><br> HEALTH INSURANCE COMMISSIONER OF WASHINGTON STATE, ET AL., <br><br> Defendants. | CASE NO. 3:23-cv-05612-JHC <br><br> ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

# I

## INTRODUCTION

This matter comes before the Court *sua sponte* on Plaintiff Tiffany Recinos's Amended Complaint. Dkt. # 43. Because Plaintiff is proceeding *in forma pauperis* ("IFP") (Dkt. # 5), the Court reviews the complaint under 28 U.S.C. § 1915(e).

The Court DISMISSES the complaint and DENIES further leave to amend. The Court STRIKES the motion for Default Judgment. Dkt. # 45. The Clerk is DIRECTED to close this case.

## II

### BACKGROUND

Plaintiff filed this action on July 9, 2023. Dkt. # 1. Plaintiff filed an amended complaint on August 3, 2023. Dkt. # 8. Shortly thereafter, Plaintiff began filing numerous miscellaneous motions, "notices," and "letters" without leave to do so. *See, e.g.*, Dkt. ## 9–19, 23–24, 26–27.

On August 7, 2023, the Court issued an order dismissing Plaintiff's first amended complaint for lack of subject matter jurisdiction. Dkt. # 30. The Court observed that there was no federal question jurisdiction because the complaint asserted causes of action based on only Washington state law, and that there was no diversity jurisdiction because Plaintiff did not assert diversity of citizenship. *Id.* at 2–3. The Court also warned that Plaintiff's complaint was "sparse and may be subject to dismissal in the future for failure to state a claim." *Id.* at 4. And the Court struck Plaintiff's various motions as procedurally improper. *Id.* But the Court granted Plaintiff leave to amend her complaint. *Id.*

Plaintiff then filed three amended complaints over the course of several days. Dkt. ## 31, 34, 35. She also filed additional improper motions and letters. *See, e.g.*, Dkt. ## 33, 36–40.

On August 14, 2023, the Court struck the additional motions and disregarded certain other filings by Plaintiff. Dkt. # 42. The Court again explained that these filings were improper. *Id.* The Court also told Plaintiff that it was improper to file three amended complaints, as Plaintiff was entitled to file only one amended complaint. *Id.* The Court stated that it would allow Plaintiff to file one, final amended complaint, and that this final amended complaint would supersede all prior filings. *Id.* at 2 ("[The] amended complaint should contain all facts and claims for relief that Plaintiff would like considered. No other filing—including past amended complaints—will be considered."). And the Court said that "if Plaintiff elects not to file an

ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND - 2

amended complaint, the Court will consider only the most recent amended complaint, found at Dkt. # 35."

Less than an hour after the Court's order, Plaintiff filed an amended complaint (which the Court will refer to as the Second Amended Complaint). Dkt. # 43.

III

DISCUSSION

A.   Subject Matter Jurisdiction

Based on the Second Amended Complaint, this Court lacks subject matter jurisdiction over this action. In all cases, the Court must ensure that it has subject matter jurisdiction over the action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). And when a plaintiff proceeds *in forma pauperis*, the Court must screen the complaint for frivolousness and determine whether it states a plausible claim for relief. *See* Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but *requires* a district court to dismiss an in forma pauperis complaint that fails to state a claim." (emphasis added)); 28 U.S.C. § 1915(e)(2)(B).

The Second Amended complaint appears to be nearly identical to the complaint previously rejected by the Court. *Compare* Dkt. # 43, *with* Dkt. # 8; *see* Dkt. # 30 (order dismissing previous complaint). As with the prior amended complaint, the Second Amended Complaint does not allege facts or state claims conferring subject matter jurisdiction on this Court.

First, there is no diversity jurisdiction. The Second Amended Complaint does not state the citizenship of the parties, so the Court cannot conclude that there is complete diversity of citizenship. *See* Dkt. # 43.

Second, there is no federal question jurisdiction. The Second Amended Complaint asserts causes of action based on only Washington state law. *See id*. The complaint does not assert any causes of action arising out of federal law. *Id*. Prior versions of the complaint vaguely reference the rights of the "ninth amendment" (Dkt. # 6 at 4), that the concealment of documents violates Plaintiff's right to "the enjoyment of life, liberty . . . and pursuing and obtaining happiness and safety" (*id.*), and reference "Title IV of Civil Rights Act of 1963, equal pay act of 1963, rehabilitation act of 1973 and Civil Rights Act of 1991" (Dkt. # 35 at 3). But the Court repeatedly warned Plaintiff that "an amended complaint supercedes the original complaint and renders it without legal effect." Dkt. # 30 at 2 n.1 (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012)); *see also* Dkt. # 42 at 2 (warning Plaintiff that "[n]o other filing—including past amended complaints—will be considered," and that the amended complaint "should contain *all* facts and claims for relief that Plaintiff would like considered" (emphasis added)). So the Court will not consider assertions found in other complaints. Even if the Court considered these legal theories, however, these theories are entirely unexplained and do not state a plausible claim for relief. The Seconded Amended Complaint provides almost no facts that could support relief under any of these legal theories.

Because there is no subject matter jurisdiction over this case, the Court must dismiss the complaint.

B.     Leave to Amend

"In determining whether dismissal without leave to amend is appropriate, courts consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *CyWee Grp. Ltd. v. HTC Corp.*, 312 F. Supp. 3d 974, 981 (W.D. Wash. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A district court does not err in denying leave to amend where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

The Court denies leave to amend. Plaintiff has repeatedly failed to properly allege subject matter jurisdiction or state a plausible claim for relief. The Court has already granted Plaintiff leave to amend once (Dkt. # 30), but that does not tell the whole story: Plaintiff has, in fact, filed six amended complaints. Dkt. ## 6, 8, 31, 34, 35, 43. And granting further leave to amend would be futile. The Second Amended Complaint does not allege any facts suggesting a plausible claim for relief. The Court also finds the Second Amended Complaint frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## IV

### Conclusion

The Court DISMISSES the Second Amended Complaint (Dkt. # 43) and DENIES further leave to amend. The Court STRIKES the motion for Default Judgment. Dkt. # 45. The Clerk is DIRECTED to close this case.

Dated this 14th day of August, 2023.

*John H. Chun*

John H. Chun
United States District Judge